Carol HARTSON *v.* CITY OF PINE BLUFF

CA CR 80-40             606 S.W. 2d 149

Court of Appeals of Arkansas

Opinion delivered October 15, 1980

*Brockman & Brockman*, by: *C. Mac Norton*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. On October 25, 1979 Carol Hartson was in her car parked at the Pine Bluff Jefferson Square shopping center. She was parked in a space designated for parking. Mr. Brown was in his car moving in the through lane between the rows of parked cars. Ms. Hartson moved forward in her car, pulling out of the parking space directly into the path of Mr. Brown's car, causing his car to strike her car. Ms. Hartson was issued a traffic citation by the Pine Bluff Police Department. She was charged with the violation of failure to yield the right of way with accident. Ms. Hartson appeared in Municipal Court and pled not guilty November 7, 1979. The case was tried December 17, 1979. Ms. Hartson was found guilty and fined $25.00. Mr. Brown and a police officer appeared as witnesses. Ms. Hartson appealed the conviction and the Circuit Court affirmed. She appeals.

Ms. Hartson contends the Pine Bluff Police Department had no authority to issue her a traffic citation. Ms Hartson contends that under the Arkansas statutes dealing with traffic violations there is simply no authority for the issuance of citations on private parking lots. Ms. Hartson also contends there is no city ordinance authorizing citations on private parking lots. Basically, her contention is the parking lot is private property and therefore the statutes relating to the operation of vehicles upon highways could not apply.

The State argues the precise offense did not need to be stated prior to trial. A summons naming or briefly describing the offense is sufficient in the case involving violations of ordinances of cities or towns prosecuted in police or city courts, and that no written information or pleadings are required in prosecutions in which an indictment is not required. The State cites Ark. Stat. Ann. § 44-105 as support for this argument. It states:

> Indictment Unnecessary — No indictment shall be necessary in prosecutions for violation of the by laws or ordinances of a city or town, nor in other prosecutions in police or city courts.

Therefore, the traffic citation which cited Ms. Hartson for failure to yield the right of way served to apprise her of the nature of the change against her. The State then argues there are two other statutes dealing with driving a car with safety which would apply. While the argument with regard to an indictment being unnecessary may well be correct, there is a major fallacy in the State's position. We can find no violation with which appellant can be charged. While there may well be civil liability on the part of Ms. Hartson for the accident, there is no criminal liability.

Ms. Hartson is charged with failure to yield the right of way. Ark. Stat. Ann. § 75-419 defines right of way as: "The privilege of the immediate use of the *highway*." [Emphasis supplied] Ark. Stat. Ann. § 75-412 defines a highway as:

> (a) STREET OR HIGHWAY. The entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, *as a matter of right*, for purposes of vehicular traffic. [Emphasis supplied].

While the parking lot at the shopping center is open to the public for purposes of vehicular traffic, it is not open as a matter of right. This is a parking lot belonging to the owner of the shopping center. The public is there by permission of the owner. The definition of a private road is contained in Ark. Stat. Ann. § 75-412(b). It states:

(b) PRIVATE ROAD OR DRIVEWAY. Every way or place in private ownership and used for vehicular traffic by the owner and those having express or implied permission from the owner but not by other persons.

The parking lot would come under this definition, not that of a highway or street. Ms. Hartson was not on a highway. Therefore she cannot have failed to yield to one who had the privilege of immediate use of the "highway."

The State argues the traffic citation served as notice to Ms. Hartson that her activity was a violation of the traffic laws of this state. More specifically she was on notice of what activity was the subject of the violation. The State argues Ark. Stat. Ann. § 75-617 was violated. This statute states it is a violation to "start a vehicle which is stopped, standing or parked unless and until such movements can be made with reasonable safety." This argument must fail in light of Ark. Stat. Ann. § 75-420 which provides:

Provisions of act refer to vehicles upon the highways — Exceptions. — The provisions of this act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:
1. Where a different place is specifically referred to in a given section.

Since § 75-617 does not refer to a place other than a highway or street, we must assume it only applied on a highway or street. Once again, we note the private parking lot does not come under the definition of a highway or street.

While we agree with the State Ark. Stat. Ann. § 43-414.1 allows a police officer to enter the parking areas of private business establishments to "discover, investigate and effect the arrest of persons thereon violating any state or local law to the same extent as if such person or persons were upon the public streets or highways," there must first be a violation for which an arrest can be made.

Finding no statute to have been violated, we must reverse and dismiss.

Reversed and dismissed.