Donald COUSINS, Father and Next Friend of Tracy Cousins, A Minor, and Donald Cousins, Individually *v.* L. D. DENNIS, Terrance Mitchell, Huntsville School District #1, Jointly and Severally

88-297                                               767 S.W.2d 296

Supreme Court of Arkansas
Opinion delivered March 27, 1989

*Odom, Elliott & Martin*, by: *Don R. Elliott, Jr.; Bill E. Bracey, Jr.*, for appellant.

*W Q Hall*, for appellee.

TOM GLAZE, Justice. This appeal involves a tort case which requires this court's interpretation of several statutes that bear on (1) whether the appellees are immune from liability under the concept of governmental immunity and (2) whether the appellee Huntsville School District #1 was required to insure the vehicle that caused the injury sustained by one of the district's students, appellant Tracy Cousins. The trial court, holding appellees were immune from tort liability and were not required to insure the vehicle in question, granted the appellees' motion for summary judgment and dismissed the appellants' suit.[1] We affirm.

On April 11, 1984, Tracy was attending school and walking to the coach's office when he was struck in the left eye by a rock which was thrown by a bush hog mower being pulled by a tractor. Appellee L. D. Dennis was operating the tractor at the time and was mowing grass on the school premises under the direction of the school maintenance supervisor, appellee Terrance Mitchell. Donald Cousins filed suit, on behalf of his son and individually, against Dennis, Mitchell and the school district alleging, among other things, that the appellees' negligence caused Tracy's injury

---

[1] A related case was previously before us and was dismissed pursuant to ARCP 54(b). *Cousins v. Farm Bureau Mut. Ins. Co.*, 296 Ark. 552, 758 S.W.2d 707 (1988).

that blinded him in his left eye.

Cousins first challenges the trial court's decision that appellees were immune from suit under Ark. Code Ann. § 19-10-305 (1987), a statute that immunizes state officers and employees from civil liability for certain acts and omissions occurring within the scope of their employment. Cousins is correct that § 19-10-305 is inapplicable to the facts here. However, since a school district and its employees are involved, not state employees, we still affirm the trial court's holding because the court's decision is supported by Ark. Code Ann. § 21-9-301 (1987), which provides as follows:

> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, *school districts*, special improvement districts, and all other political subdivisions of the state *shall be immune from liability for damages. No tort action shall lie against any such political subdivision because of the acts of their agents and employees.* (Emphasis added.)

In considering § 21-9-301 in *Matthews* v. *Martin*, 280 Ark. 345, 658 S.W.2d 374 (1983), we held that the immunity granted to the political subdivisions named in the statute extends to the officials and employees of that governmental entity. Because Dennis and Mitchell were performing their official duties for the school district at the time of their alleged acts of negligence, they and the school district are immune from any such tort liability under § 21-9-301. *Id.* at 346, 658 S.W.2d at 375.

Although the school district is immune from tort liability under § 21-9-301, we must still consider whether the district was required, pursuant to Ark. Code Ann. § 21-9-303 (Supp. 1987), to insure the vehicle that was involved in Tracy Cousins's injury. When a political subdivision named under § 21-9-303 fails to carry motor vehicle liability insurance, it becomes a self-insurer, if found liable, in an amount not to exceed the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act. *Thompson* v. *Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984).

Section 21-9-303 in relevant part provides as follows:

> (a) All political subdivisions shall carry liability

insurance on their motor vehicles or shall become self-insurers, individually or collectively, for their vehicles, or both, in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101 *et seq.*

Cousins argues that the tractor used by the appellees is a motor vehicle, and the school district was required to insure it. To support his argument, he cites Ark. Code Ann. § 27-19-206 (1987), which, in relevant part, defines motor vehicle to mean every vehicle which is self-propelled. Cousins further argues that, in the *Thompson* case, this court found the Dardanelle School District liable for negligence that resulted from its employee's use of a tractor on the highway when it struck a motorcycle driven by Sanford. The rationale in *Thompson*, Cousins submits, should apply here.

In *Thompson*, we never discussed or decided the issue of whether a tractor is a motor vehicle under § 21-9-303(a). Here, however, the school district's main argument is that the tractor owned and used by the school district is not a motor vehicle that is required to be insured under § 21-9-303(a). The Huntsville School District reasons that § 21-9-303(a) requires insurance on motor vehicles in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act, § 27-19-101 *et seq.* By referring to § 27-19-101 *et seq.*, the General Assembly obviously intended that the insurance coverage required of political subdivisions under § 21-9-303(a) should be subject to all of the provisions of the Motor Vehicle Safety Responsibility Act. In this respect, Ark. Code Ann. §§ 27-19-605 and 27-19-713 (1987) provide the minimum amounts of liability insurance coverage for a security deposit or proof of further financial responsibility required under the Act. As we noted earlier, a school district becomes a self-insurer, if found liable, in an amount not to exceed those minimum amounts. *See Thompson*, 281 Ark. at 367, 663 S.W.2d at 934. The minimum liability insurance amounts required under these statutory provisions, subject to certain exceptions, apply to the driver and owner of *any vehicle of a type subject to registration under the motor vehicle laws of this state*, Ark. Code Ann. § 27-19-601 (1987), and to persons who have been convicted of or forfeited bail or who have failed to pay judgments upon causes of action arising out of ownership, maintenance, or use of *vehicles of a type subject to registration*

*under the laws of this state.* Ark. Code Ann. § 27-19-702 (1987).

■ Under Arkansas's motor vehicle registration laws, particularly Ark. Code Ann. § 27-14-703(3) (1987), an implement of husbandry is not required to be registered. Arkansas law defines implements of husbandry as being every vehicle designed and adapted exclusively for agricultural, horticultural, or livestock raising operations, or for lifting or carrying an implement of husbandry, and, in either case, not subject to registration if used upon the highways. Ark. Code Ann. § 27-14-212 (1987). In the case at hand, the motor vehicle in issue was a tractor pulling a bush hog mower. A tractor clearly falls within the definition of an implement of husbandry, and, as such, is not required to be registered under Arkansas law. Therefore, we agree with the Huntsville School District that it was not required to insure its tractor under § 19-10-303(a) because the vehicle is not required to be registered under Arkansas law.

■ In construing § 21-9-303(a), it is tempting to conclude that since the General Assembly failed to mention the vehicle registration statutes, those registration laws do not apply and, thus, a political subdivision should insure every motor vehicle it owns, registered or not. Such a construction would be erroneous for several reasons. One reason is that the language in § 21-9-303(a) specifically refers to the entire Motor Vehicle Responsibility Act, which, as we previously have discussed, relies, in turn, upon Arkansas's vehicle registration and licensing laws. Another, and more important reason, is if Arkansas's vehicle registration laws are not considered when construing § 21-9-303(a), absurd results would be reached. For example, if we limited the construction of § 21-9-303(a) to require political subdivisions to carry liability insurance on all motor vehicles meeting the definition found in § 27-19-206, a self-propelling riding lawn mower would qualify, thereby requiring the school district to include its mowers under liability coverage. This same rationale would include any self-propelled vehicle even though it is not designed or used primarily for transportation of persons or property. If we were to construe § 21-9-303(a) without considering all relevant provisions of Arkansas's vehicle registration laws and Motor Vehicle Responsibility Act, another absurdity would arise by requiring political subdivisions to acquire liability insurance coverage on vehicles, which no one else in the state would be required to

insure. We decline any interpretation of § 21-9-303(a) that would result in an absurdity or injustice. *Ragland* v. *Alpha Aviation, Inc.*, 285 Ark. 182, 686 S.W.2d 391 (1985).

■ We believe the General Assembly, in requiring political subdivisions to purchase motor vehicle liability insurance, never intended non-registered vehicles to be covered. In passing § 21-9-303, the legislature undoubtedly was aware of how Arkansas's Motor Vehicle Responsibility Act and vehicle registration laws worked together in requiring security deposits and liability insurance coverage only on those vehicles which are subject to registration. In keeping with this view, we have held that in construing any statute, we should place it beside other statutes relevant to the subject and give it a meaning and effect derived from the combined whole. *City of Fort Smith* v. *Brewer*, 255 Ark. 813, 502 S.W.2d 643 (1973).

In sum, in applying Arkansas's registration laws, we find, as may reasonably be expected, that mowers and other vehicles not designed for transportation purposes are designated as special mobile equipment and exempted from registration. Ark. Code Ann. §§ 27-14-703(4) and 27-14-211 (1987). Thus, self-propelling mowers and other equipment not designed or intended for transportation purposes—being exempt from registration—are not required to comply with the security deposit or liability insurance provisions required under the Act. For the same reason, the Huntsville School District in the present case was not required to insure its tractor, because the vehicle is an implement of husbandry, which is specifically excluded from vehicle registration under § 27-14-703(3).

For the reasons stated above, we affirm.