The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, Arkansas 72112
Dear Representative Collier:
This is in response to your request for an opinion on the following questions:
 1. Is it lawful for the Arkansas Department of Health to operate, at the request of the school board, a school-based clinic on the premises of a public elementary or secondary school?
 2. Is it lawful for the Arkansas Department of Health to operate a school-based clinic on the premises of a public elementary or secondary school when not requested to do so by the school board?
 3. If the Arkansas Department of Health operates a school-based clinic on the premises of a public elementary or secondary school, who is liable for damages resulting from malpractice, negligence or other actions or failure to act by persons employed by the clinic and for injuries occurring on the premises of the clinic?
For the reasons that follow, it is my opinion that the answer to both Questions One and Two is "yes"; and that in response to your third question, all potential defendants would be immune from liability for damages under either Arkansas Constitution Art. 5, 20, A.C.A. 21-9-301, or A.C.A. 19-10-305, with certain exceptions to be set out herein.
In response to your first question, initial reference must be made to the statutes setting out the authority of the Arkansas Department of Health. Section 20-7-109(a) of the Arkansas Code provides as follows:
 (a) Power is conferred on the State Board of Health (See Act 38 of 1971) to make all necessary and reasonable rules and regulations of a general nature for the protection of the public health; for the general amelioration of the sanitary and hygienic conditions within the state; for the suppression and prevention of infectious, contagious, and communicable diseases; and for the proper enforcement of quarantine, isolation, and control of such diseases.
Further insight into the authority of the Department is gained by a review of A.C.A. 20-7-110 which provides in pertinent part:
 (a)(1) The State Board of Health shall have general supervision and control of all matters pertaining to the health of the citizens of this state.
 The board shall make a study of the causes and prevention of infectious, contagious, and communicable diseases, and, except as otherwise provided for in this act, it shall have direction and control of all matters of quarantine regulations and enforcement. It shall have full power and authority to prevent the entrance of such diseases from points outside the state.
 (3) The board shall also have direction and control over all sanitary and quarantine measures for dealing with all infectious, contagious, and communicable diseases within the state and direction and control to suppress them and prevent their spread.
It is clear that the Department has general supervision of health matters in the state. It is thus possible for the Department to implement school based health clinics (unless specifically denied that authority by the legislature). It is my opinion that the establishment of such clinics would come under the Department's authority and control of "all matters pertaining to the health of the citizens of this state", in addition to the broad authority granted it to control the spread of infectious diseases.
The answer to your second question in my opinion is, again, "yes". Having resolved the Department's general authority to establish such clinics under Question One above, the only remaining issue under Question Two is whether the clinic could be established without the agreement or request of the school board. It is my opinion that it could. It should be noted initially that the state, through the General Assembly, has retained supervision over the public schools of this state. Arkansas Constitution Art. 14, 4. The individual school boards are not autonomous in this regard.
In analyzing your second question, the case of State v. Martin and Lipe, 134 Ark. 120 (1918) offers some guidance. In Martin, the validity of a State Board of Health rule requiring proof of vaccination against smallpox before entering school was challenged. The court upheld the authority of the Board to adopt the rule as a reasonable health regulation. The court stated:
 We think the language of the act necessarily includes the disease of smallpox and clearly confers the power upon the Board of Health to prevent its entry into and spread throughout the State by rule or order preventing unvaccinated persons from mingling with the other inhabitants of the State. It is true that the Board of Health is not authorized to manage or control the schools of the State, either public or private. That power is conferred upon other agencies. The prevention or spread of contagious or infectious diseases by preventing unvaccinated persons from associating with the school children and school teachers of the State in no way infringes upon the constitutional right to attend the schools or the management and control thereof by school boards or directors. (Emphasis added.)
240 Ark. at 425, 426.
Additionally, the court upheld the rule against a challenge that it was unreasonable and unnecessary, holding:
 The necessity for, and reasonableness of, the regulations is one largely within the judgment of the board. Every presumption is indulged in favor of the necessity of the rule, and courts will not interfere with the acts of health authorities unless it is apparent that the rule is arbitrary.
240 Ark. at 428.
It can thus be seen that the Department will be given a wide berth of discretion in promulgating rules and regulations governing health matters. This discretion may, as seen in Martin, supra, at least sometimes be exercised irrespective of the needs or wishes of a particular district, (unless, again, a legislative action mandates otherwise).
Your third question involves potential liability arising from operation of school based clinics. Specifically, you inquire as to what party would bear the liability for damages arising from negligence in operation of such clinics. It should be noted that if the defendant in such a suit is either the state, the school district, or another political subdivision, these entities will be immune from liability for damages. See Arkansas Constitution Art. 5, 20, and A.C.A. 21-9-301. Additionally, employees of the state are immune from liability for acts committed in the course of their employment, unless the acts are malicious. A.C.A.19-10-305. This immunity does not obtain, however, where there exists liability insurance covering their actions.
Moreover, employees of the school district are immune from liability for their official acts under Cousins v. Dennis,298 Ark. 310, 767 S.W.2d 296 (1989). See also Matthew v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983), and Autry v. Lawrence, 286 Ark. 501, 696 S.W.2d 315 (1985), (both holding employees and officers of municipalities immune from suit). There is some authority for the proposition that this immunity, however, does not obtain where the act of the employee is in violation of a clearly established law of which a reasonable person would have been aware. Robinson v. Beaumont, 291 Ark. 345 [291 Ark. 477],658 S.W.2d 374 [725 S.W.2d 839] (1983) [(1987)].
Thus, in response to your third question, as a general matter no one may be liable for negligence occurring in the operation of the clinic, subject to, of course, the exceptions noted above and other factual matters such as whether certain employees are in fact government employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb