Mr. Hershel W. Gober Director, Department of Veterans Affairs P.O. Box 1280 North Little Rock, AR 72115
Dear Mr. Gober:
This is in response to your request for an opinion on several questions involving the liability of service officers employed by the Arkansas Department of Veterans Affairs ("ADVA"), and county veterans' service officers in connection with the prosecution of veterans' claims. You have requested an opinion, specifically, as to the following:
 1. The civil liability of service officers, in the performance of their duties under state and federal laws;
 2. The civil liability of County Veteran Service Officers, in the performance of their duties, under state and federal laws;
 3. The degree to which the Attorney General will provide legal counsel to an individual service officer, County Veteran Service Officer, and/or the Arkansas Department of Veterans Affairs if a suit is filed alleging improper prosecution of a claim action.
With regard to your first inquiry, we are aware of no state laws establishing, specifically, the parameters of service officers' potential civil liability in this regard. It must be recognized, however, that officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment. A.C.A. 19-10-305. This immunity would, it seems, extend to veterans' claims specialists employed by ADVA pursuant to A.C.A. 20-81-103. As previously noted, however, malicious acts or omissions are specifically excepted from this immunity doctrine. See Beaulieu v. Gray, 288 Ark. 395, 705 S.W.2d 880
(1986).
With regard to civil liability under federal law, it should be initially noted that state-law immunities do not override a cause of action under 42 U.S.C.A. 1983. This federal provision imposes civil liability on any person who deprives another of his federally protected rights under color of law. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).
Thus, service officers could conceivably be subject to suit under 1983. The immunity extended to state employees, as set out above, would not operate to preclude civil liability in this regard. Issues surrounding 1983 will, of course, involve questions of fact in each instance.
Your second area of inquiry involves the civil liability of county veterans' service officers. Section 20-81-106 must be considered in this regard wherein provision is made for ADVA's financial assistance ". . . to assist the counties in paying the salaries and expenses of county veterans' service officers." A.C.A.20-81-106(a). The assistance is for each two dollars ($2.00) of county funds, and a limit is placed on the amount that may be received in any fiscal year. A.C.A. 20-81-106(a)(1) (2).
Significant for purposes of your inquiry is the fact that these individuals are service officers ". . . of the applying county." A.C.A. 20-81-106(a)(1). The assistance grants from ADVA are made ". . . only to those counties employing a county veterans' service officer who meets [qualifications prescribed by ADVA]." A.C.A.20-81-106(a)(3).
It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability for damages. No tort action shall lie against any such political subdivision because of the acts of their agents and employees. (Emphasis added.)
The Arkansas Supreme Court has held that this immunity extends to the officials and employees of the governmental entity. Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983); Cousins v. Dennis,298 Ark. 310, 767 S.W.2d 296 (1989). It thus appears that county veterans' service officers will not be held liable for claims based upon alleged acts of negligence in the performance of their official duties. See Cousins v. Dennis, supra. It should be recognized, however, that this immunity will not override a cause of action under 42 U.S.C.A ___ 1983. See discussion supra.
As to laws stemming particularly from federal legislation and/or regulations concerning the Veterans' Administration, we suggest that you satisfy yourself through District Counsel with respect to requirements imposed under that body of law.
Your final question centers on the Attorney General's representation of service officers and ADVA. The Attorney General would normally represent all state employees and officials who are sued in their official capacities for acts committed in good faith in the scope and course of their employment with the state. While this is a matter to be addressed on a case by case basis, I believe that this office would as a general matter represent veterans' claims specialist employed by ADVA under A.C.A.20-81-103. Our representation would also extend, generally, to ADVA. It appears, however, that representation of county veterans' service officers would ordinarily be provided at the county level. These service officers are not, it seems, state employees, notwithstanding the fact that ADVA is authorized to maintain a program to provide financial assistance to counties in this regard. A.C.A. 20-81-106.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] See discussion infra regarding county veterans' service officers. It may reasonably be concluded from the language of these provisions that the county veterans' service officers referenced therein are employed by the County. This is further indicated by 20-81-106(b)(1), which states that these service officers ". . . shall serve at the pleasure of the individual incumbent county judge in his respective county." Thus, to the extent these persons may be considered county employees, A.C.A. 21-9-301 offers immunity from tort liability.