Edward SANDERS *v.* STATE of Arkansas

CR 92-191                                                     846 S.W.2d 651

Supreme Court of Arkansas
Opinion delivered February 8, 1993

*Larry W. Horton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal of a conviction for driving while intoxicated (DWI). The appellant, Edward Sanders, argues that one may not be convicted of DWI while operating a vehicle on a private roadway. We affirm the conviction.

Sanders was traveling on a private road owned by International Paper in Hot Spring County when he ran off the road into a ditch. A passing citizen called a wrecker and the Hot Spring County Sheriff's Department. Sheriff Cook arrived shortly thereafter and placed Sanders under arrest for DWI.

Sanders was convicted in Malvern Municipal Court, and he appealed to Hot Spring County Circuit Court. In a motion to dismiss he contended that, as DWI is a "traffic offense," it cannot be committed on private property. The Trial Court denied the motion, holding that one who operates or is in control of a vehicle on a private roadway open to the public may be guilty of DWI.

The State concedes that DWI is a traffic offense, and we have so held. In *Robinson* v. *Sutterfield*, 302 Ark. 7, 786 S.W.2d 572 (1990), we wrote:

> The term "traffic offense" refers to a violation of a law regulating the operation of a vehicle upon a roadway. The offense "driving while under the influence of intoxicants" is a violation of a law regulating the operation of a vehicle upon a roadway. Thus, "driving while under the influence" is a traffic offense.

Our reason for considering the issue there was to determine whether a juvenile court could have jurisdiction of a traffic offense. We held that it could not because the statutes setting out the jurisdiction of the municipal court did not provide for it. In *Weatherford* v. *State*, 286 Ark. 376, 692 S.W.2d 605 (1985), we referred to DWI as a "misdemeanor traffic offense;" however, the question whether it was a "traffic offense" was not at issue.

While we described "traffic offense" in the *Robinson* case as one involving use of a roadway, we said nothing to limit "traffic offenses" to only those involving use of a roadway, and we certainly did not limit the term to offenses committed on a public roadway. Nor does it follow that, because DWI is a traffic offense, it cannot be committed on private property. Arkansas Code Ann. § 5-65-103(a) (1987) states, "It is unlawful . . . for any person who is intoxicated to operate or be in actual physical control of a motor vehicle." It contains no location or geographic element, and we cannot read it to add as an element of DWI that the accused have operated or had control of a vehicle on a public highway. Absent such a provision, we note that Ark. Code Ann. § 5-1-104(a) (1987) provides that one may be convicted of violation of a law in this State if the proscribed conduct occurs in this State.

In support of his argument that a traffic offense may not be committed on private property, Sanders relies exclusively on our Court of Appeals' decision in *Hartson* v. *City of Pine Bluff*, 270 Ark. 748, 606 S.W.2d 149 (Ark. App. 1980), which is easily distinguishable. Hartson was convicted of failure to yield the right of way as the result of an accident which occurred in a private parking lot. The Court of Appeals reversed and dismissed the conviction, holding Hartson had not violated the Statute.

The Court of Appeals recognized that a Statute, now codified as Ark. Code Ann. § 27-49-211 (1987), defines "right of way" as "The privilege of the immediate use of the highway." As Hartson was on a private parking lot, not a highway, she could not have failed to yield to a person who had the privilege of the immediate use of the highway. The *Hartson* case holds that a person cannot be convicted of failure to yield the right of way unless the right of way is acquired by use of a public highway. It does not imply, as Sanders would suggest, that a traffic offense cannot be committed on private property.

The cases considering the question whether DWI may be committed on private property are collected in an annotation entitled, "Applicability, to Operation of Motor Vehicles on Private Property, of Legislation Making Drunken Driving a Criminal Offense," 29 ALR3d 938 (1970). The text and supplement cite cases from 21 states which have statutes, like § 5-65-103(a), which make no reference to "highway," "public roadway," etc. In each of them it was held that the offense could be committed on private property. No case to the contrary is cited, and we know of none. Language from the Minnesota Supreme Court seems appropriate:

> It would be absurd to say that a person driving or operating a motor vehicle while intoxicated or under the influence of intoxicating liquor or narcotic drugs was not guilty of a violation of the statute under consideration merely because at the moment such person was stopped or apprehended he happened to be either on or near a private roadway instead of on a public street or highway, because no one can say when such a person, while in a confused or befuddled state of mind as a result of his or her condition, will leave the private road and pursue a mad, zigzagging course down a public highway or street, with the resulting damage and horrors so frequently reported.

*State* v. *Carroll*, 225 Minn. 384, 31 N.W.2d 44 (1948).

Affirmed.