The Honorable Michael K. Davis State Representative 15232 Highway 90 West Ravenden Springs, Arkansas 72460
Dear Representative Davis:
This is in response to your request for an opinion on two questions relating to the use of vans to transport public school students to school related activities. Specifically, you indicate that the Pocahontas School District purchased a passenger van with the capacity of fifteen to transport students to various activities. You note that it is your understanding that federal law prohibits dealers from selling or leasing vehicles with a capacity of more than ten person, intended for transporting students to and from school or school related activities, unless the vehicles comply with the applicable federal school bus safety standards. Your two questions in this regard are as follows:
 1. Can a van designed for carrying fourteen students and one adult driver be legally used in transporting students to school-related activities?
 2. If a school uses a van to transport students, what liability exposure is placed on the school board?
As you have noted, federal law prohibits a motor vehicle dealer from selling a van which seats over ten persons to a school district when the van does not meet federal school bus specifications.[1] See49 U.S.C. §§ 30125 and 30112 (Supp. 1995). The dealer may be subject to a civil penalty for such sale. See 49 U.S.C. § 30165 (Supp. 1995). Federal law, however does not provide any sanction for the "use" of such vans, once purchased by the school district, on the highways of the various states.[2] This issue, however, may be addressed by state law. Arkansas law gives the State Board of Education the authority to prescribe uniform rules and regulations governing the design and specifications of school buses. See A.C.A. §§ 6-19-102(e) and 6-19-111(a). The State Board of Education has adopted the "Arkansas Department of Education Specifications Governing School Bus Design" (April 11, 1994). These extensive regulations apply to all buses which would accommodate more than ten persons. Section 3.01. The regulations state that:
 The following standards address modifications as they pertain to school buses that, with standard seating arrangement prior to modification would accommodate more than 10 persons. If by addition of a power lift, mobile seating device positions or other modifications, the capacity is reduced such that vehicles become multi-purpose vehicles (MPV's) the intent of these standards is to have these vehicles be required to meet the same standards they would have had to meet prior to such modifications, and such MPV's are included in all references to school buses and requirements for school buses which follow.
Id.
The intent of this regulation to apply to all "school buses" despite their seating capacity is clear. The term "school bus" is defined in the Arkansas Code at § 27-49-219(e) as "every motor vehicle owned by a public or governmental agency and operated for the transportation of children to or from school or privately owned and operated for compensation for the transportation of children to or from school." This definition would not seem to apply to buses used to transport children to and from "school related activities" as your question suggests. Certainly, however, the federal specifications do apply to the transport of students to and from school related activities.
In response to your first question, therefore, it is not "lawful" to use a van designed for carrying fourteen students and one adult driver to transport students to school related activities when the van does not meet all federal specifications for school buses. There does not appear to be any federal law sanction, however, for the unlawful use of such vans by a school district. In addition, in light of the Arkansas statutory definition of a "school bus," it may be argued that the state regulations do not apply to such vans when used solely to transport students to and from "school related activities" rather than to and from "school." The potential liability of the school district and school district employees and board members, however, as discussed in response to your second question, may be sanction enough to convince the district to forgo use of such vans.
In response to your second question, it should be noted initially that school board directors are immune from tort liability or suit for damages for their official actions, except to the extent that they may be covered by liability insurance. See A.C.A. § 21-9-301 (Cum. Supp. 1993). Seealso Cousins v. Dennis, 298 Ark. 310, 767 S.W.2d 296 (1989). Thus, under state law, the extent of any liability insurance, would be the "exposure" placed on the School Board. It is impossible to rule out, however, a potential federal cause of action, most likely brought under42 U.S.C. § 1983, under the facts you have mentioned. Of course, the success of any such suit is not guaranteed, and would depend upon the particular facts giving rise to the cause of action. When school directors are sued under this provision, they are entitled only to "qualified immunity," the test of which turns upon the "objective legal reasonableness of the action" assessed in light of legal rules that were "clearly established" at the time the action was taken.See Anderson v. Creighton, 483 U.S. 635
(1987). Although the applicability of 42 U.S.C. § 1983 may depend upon the particular facts, if applicable, it appears that qualified immunity may not operate to immunize the action of purchasing a van for school use when "clearly established" federal law provides that such vans do not meet federal requirements for school buses. In this situation, therefore, the school board directors may have some liability exposure under federal law for which no immunity will apply.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The Secretary of Transportation is empowered to prescribe motor vehicle safety standards for school buses and school bus equipment.49 U.S.C. § 30125 (Supp. 1995). The standards appear in various federal regulations and will not be set out in detail herein.
[2] The federal government's jurisdiction under the commerce clause of the United States Constitution presumably does not extend to the intrastate use of such vans by local school districts.