The Honorable Billi Fletcher State Representative 403 West Palm Street Lonoke, AR 72086-3445
Dear Representative Fletcher:
This is in response to your request, on behalf of Mr. Charles F. Peckat, Lonoke Chief of Police, for an opinion concerning A.C.A. § 16-10-205, "Uniform traffic tickets." Chief Peckat has indicated that the Lonoke Police Department uses the uniform traffic tickets only for traffic offenses, and an arrest disposition report form is used for all other arrests. Chief Peckat has further indicated that an auditor has stated that the police department must write traffic tickets on all offenses which include traffic, criminal, and city ordinance violations in order to have an audit trail. In light of the foregoing, the following question has been presented:
 Whether A.C.A. § 16-10-205 mandates that traffic tickets should be written on all arrests, felonies, misdemeanors, city violations and traffic offenses or whether this law only refers to traffic offenses which include all municipal and state traffic laws?
In my opinion, A.C.A. § 16-10-205 most likely refers only to traffic offenses. It must, however, be stated that A.C.A. § 16-10-205 does not mandate that a law enforcement officer must issue a traffic ticket when a traffic offense has been committed. An offense that is classified as less than a felony may be charged by information, indictment, or the issuance of a warrant, citation, or summons. Section 16-10-205 merely requires that when an officer elects to issue a ticket, the officer must use the "uniform traffic ticket."
In 1971, the General Assembly enacted legislation to provide for the use of a uniform traffic citation form by all law enforcement officers who are authorized to issue citations for traffic law violations. SeeAct 250 of 1971. Act 250 of 1971 is now codified as A.C.A. §§ 27-50-501—504. Section 27-50-501 provides that "Every law enforcement officer in this state who is authorized to issue citations for traffic law violations shall use a uniform traffic citation form prescribed by the Department of Arkansas State Police." In addition, A.C.A. § 27-50-502 provides:
 The Department of Arkansas State Police is authorized and directed to promulgate a uniform traffic citation form and the form is to provide a space on the face thereof for cash register validation. The form so promulgated shall be used exclusively by all law enforcement officers and agencies in this state in issuing citations for traffic law violations.
In 1977, the General Assembly enacted "The Arkansas Municipal Courts, Police Courts, City Courts, Mayors Courts and Justice of the Peace Courts Accounting Law of 1977," now codified as A.C.A. § 16-10-201 et seq. SeeAct 332 of 1977. Section 4 of Act 332, now codified as A.C.A. §16-10-205, provides in part:
 Uniform Traffic Tickets. Each municipal police department, city or town marshal, and each county sheriff's office shall maintain and issue uniform traffic tickets (sometimes called citation books, summons books, or ticket book[s]) for violation of all municipal and state laws.
 A. All uniform traffic ticket books must be prenumbered by the printer and a printer's certificate or other evidence shall be furnished to the police department, marshal or sheriff's office, and said certificate or other evidence shall be made available for inspection.
 B. All void or spoiled tickets must be accounted for by attaching all copies to the hard copy in the uniform traffic ticket book.
 C. All uniform traffic ticket books must have at least an original and three (3) copies used as follows:
Hard copy: Violator's Copy
White copy: Police, Marshal or Sheriff's Copy
 Yellow copy: Court Clerk's Copy to be forwarded to the Arkansas Driver's Licensing Section only upon conviction, bond forfeiture or plea of nolo contendere and after all appeals have been exhausted or time for appeal has expired.
Pink copy: Remains in uniform traffic ticket book.
(Emphasis supplied.)[1]
The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Dunklin v. Ramsay, 328 Ark. 263,944 S.W.2d 76 (1997). In addition, statutes relating to the same subject should be read in a harmonious manner if possible, and all legislative acts relating to the same subject are said to be in pari materia and must be construed together and made to stand if they are capable of being reconciled. Reed v. State, 330 Ark. 645, ___ S.W.2d ___ (1997). Finally, in attempting to construe legislative intent, a court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the subject.Id.
Based upon the foregoing principles of statutory construction, it is my opinion that A.C.A. § 16-10-205 most likely refers only to traffic offenses. Although Act 332, § 4, contains a reference to "all municipal and state laws," the phrase "uniform traffic ticket books" is used throughout the entire act. In addition, Act 332, § 4, provides for a copy of the ticket to be sent to the Arkansas Driver's Licensing Section and A.C.A. § 27-50-501 et seq. provides for the development of a uniform traffic citation form for "traffic law violations." The Arkansas Supreme Court has stated that the term "traffic offense" refers to a violation of a law regulating the operation of a vehicle upon a roadway. Sanders v.State, 312 Ark. 11, 846 S.W.2d 651 (1993); Robinson v. Sutterfield,302 Ark. 7, 786 S.W.2d 572 (1990).
Again, however, it must be stated that A.C.A. § 16-10-205 does not mandate that a law enforcement officer must issue a traffic ticket when a traffic offense has been committed. The provision merely requires that when an officer elects to issue a ticket, the officer must use the "uniform traffic ticket." An offense that is classified as less than a felony may be charged by information, indictment, or the issuance of a warrant, citation, or summons. See Archer v. Benton County CircuitCourt, 316 Ark. 477, 872 S.W.2d 397 (1994); Article III of the Ark. R. Crim. Procedure. Thus, an offender need not be issued a ticket in order to be charged with an offense in municipal court.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Although Act 332, § 4, refers to the Arkansas Driver's Licensing Section, the provision as codified at A.C.A. § 16-10-205 provides for a copy of the tickets to be sent to the Department of Finance and Administration, Revenue Division, Office of Driver Services.
[2] As a practical matter, the issuance of a ticket for a traffic offense is generally the most convenient charging method for law enforcement personnel, the prosecuting attorney's office, the court, and the accused.