The Honorable Tiffany Rogers State Representative 92 Northcutt Lane Stuttgart, Arkansas 72160-6449
Dear Representative Rogers:
I am writing in response to your request for my opinion. You requested, as follows:
 Could you please summarize the laws about the usage of non-automotive vehicles on (1) city streets (2) county owned roads and (3) state highways?
You specifically expressed interest in the law regarding riding lawnmowers, motorized wheelchairs and power chairs, electric scooters, and golf carts.
RESPONSE
When you ask about the "usage" of the items described on the roadways in question, I assume, based on your characterization of them as "non-automotive vehicles," that you are referring to them being driven on the road in the same manner that cars, trucks, and the like are driven. I must note in this regard that motorized wheelchairs, power chairs, and electric scooters are primarily designed as personal mobility devices. If one assumes such ordinary usage, i.e., usage as a personal mobility device, I believe that operators of these items would probably essentially be treated as pedestrians and held to the standard of pedestrians. However, your request appears to contemplate another type of usage, as previously described. I will, therefore, address only that type of usage in this opinion. *Page 2 
I also note that your request mentioned three separate types of public roads. A number of the provisions I will cite refer specifically to "highways." However, the term "highway," in this context, apparently refers to "every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic." A.C.A. § 27-49-212(a). In other words, the same analysis is generally applicable to all three types of public roads unless otherwise noted.
With those caveats, it is my opinion that riding lawnmowers are considered special mobile equipment and, as such, should be operated on public roads only incidentally while performing the task that they were designed to perform. It is my opinion that motorized wheelchairs and power chairs may be characterized as motor vehicles to the extent that they are operated as vehicles on the public roads rather than as personal mobility devices. However, my research indicates that such chairs operated in this manner would likely be unable to meet a number of statutory requirements for motor vehicles and their owners/operators would therefore be in violation of the law. It is my further opinion that many electric scooters may properly be characterized as "motor-driven cycles." Such cycles may, theoretically, be driven on public roads if they meet specific equipment requirements; however, my research indicates that electric scooters designed primarily as personal mobility devices may not meet some of the requirements applicable to motor-driven cycles. Turning to the issue of golf carts, it is my opinion, as expressed in Ops. Att'y Gen. 2008-142 and 2009-168, that golf carts are not generally permitted on state highways, federal highways and county roads, but may be permitted on city streets for the purpose of driving between the owner's home and the golf course if the city in question passes an ordinance to that effect.
Question 1: Could you please summarize the laws about the usage ofnon-automotive vehicles on (1) city streets (2) county owned roads and(3) state highways?
There are very few laws in our state that specifically address this subject matter. However, a number of laws, including those regarding registration, vehicle equipment and minimum speed, are relevant to this issue. For these reasons, it is very difficult to provide a comprehensive summary of the law in this area. Accordingly, my analysis will focus primarily on highlighting specific portions of statutory law that might be of interest to you. I will first set forth some of the most *Page 3 
relevant general provisions of law and then address each individual type of vehicle. I believe that this approach best reflects the variation in Arkansas law.
As an initial matter, it is my opinion that all of the "non-automotive vehicles" mentioned in your opinion request may be characterized as "motor vehicles" under Arkansas law, at least to the extent that they are operated as vehicles on public roads. The relevant definitions are, as follows:
 "Vehicle" means every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks.
 "Motor vehicles" means every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails.
A.C.A. § 27-49-219(a) (b) (Repl. 1994 Supp. 2007) (emphasis added).
Arkansas law provides that every motor vehicle driven or moved upon the highway is subject to registration requirements with seven specific exceptions: 1) vehicles being driven or moved by manufacturers, dealers, and etc. under other provisions or under a temporary permit; 2) vehicles driven or moved upon the highway only for the purpose of crossing between two properties; 3) implements of husbandry only incidentally operated or moved upon the highway; 4) special mobile equipment as defined in A.C.A. § 27-14-211; 5) trolleys; 6) manufactured or mobile homes with cancelled certificates of title; and 7) vehicles owned by the federal government. A.C.A. § 27-14-703 (Supp. 2007). I will note that it is a misdemeanor to drive or move a vehicle that is required to be registered upon the highway without registering that vehicle. A.C.A. § 27-14-701(a) (Repl. 1994).
Only one of the types of vehicle that you mentioned (lawnmowers,see Cousins v. Dennis, 298 Ark. 310, 767 S.W.2d 296 (1989)) falls neatly within the aforementioned exceptions to the registration requirement. This means that in order for the other types of vehicles mentioned to be driven on public roads, they would, theoretically, have to be registered. However, neither the provision setting forth fees for registering private vehicles nor any other provision that I have been *Page 4 
able to locate appears to contemplate registration of such vehicles.[1] See A.C.A. § 27-14-601. Arkansas Code Annotated § 27-14-601 categorizes vehicles to be registered into the following categories: 1) "pleasure vehicles"-pertaining to automobiles equipped with pneumatic tires; 2) "automobiles for hire"; 3) "trucks and trailers" — pertaining to motor trucks, trailers, and semi-trailers equipped with pneumatic tires; 4) "motorcycles" — pertaining to motorcycles, motor-driven cycles, and motorcycle side cars; and 5) "hearses and ambulances." Id. Because the law generally requires motor vehicles to be registered before being driven on the highway, but provides no mechanism for the registration of the types of motor vehicles that you mention, one could reasonably conclude that the General Assembly has chosen not to permit these types of vehicles to be driven on public roads.
Arkansas law also generally requires motor vehicles operated on public roads to be equipped in a certain manner for safety reasons. Arkansas Code Annotated § 27-37-101 states, in relevant part:
 It is a misdemeanor for any person to drive . . . on any highway any vehicle . . . which is in such unsafe condition as to endanger any persons, or which does not contain those parts, or is not at all times equipped with equipment in proper condition and adjustment as required in this chapter or which is equipped in any manner in violation of this chapter[.]
A.C.A. § 27-37-101 (Repl. 2004). The equipment required by the chapter in question includes: a rearview mirror, as set forth in A.C.A. § 27-37-305(a); pneumatic tires (as opposed to solid rubber tires), as set forth in A.C.A. § 27-37-401(a)(1) (2), see also A.C.A. § 27-51-211; a parking brake or other brakes adequate to hold the vehicle in position on any grade on which it is operated, as set forth in A.C.A. § 27-37-501(e); and a seat belt, see A.C.A. § 27-37-702 (requiring "all drivers . . . in any motor vehicle operated on a street or highway in this state" to wear a seat belt.)[2] *Page 5 
The list of required equipment that I have provided is by no means exclusive, but is intended to be a sampling of the equipment requirements that are most relevant to your request. It is my understanding that all or most of the vehicles referenced in your opinion request lack some or all of the equipment mentioned.
Also relevant is the requirement of maintaining a safe minimum speed while driving. Arkansas Code Annotated § 27-51-208(a) states:
 No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with the law.
My research indicates that many, if not all, of the vehicles referenced in your opinion request are capable of achieving only very low speeds. That is, they are generally incapable of keeping pace with ordinary traffic composed of automobiles, trucks, and motorcycles. It therefore appears likely that a person driving such a vehicle on the road would be in violation of A.C.A. § 27-51-208(a).
As previously noted, riding lawnmowers are considered exempt from motor vehicle registration requirements as they may properly be considered special mobile equipment under A.C.A. § 27-14-211. A.C.A. § 27-14-703; see Cousins, supra. However, it appears that one of the reasons for exempting special mobile equipment from registration is the fact that such equipment is not designed for the purpose of transporting people over the public roads and is typically operated on the roads in an incidental fashion only. See Cousins, supra.
Motorized wheelchairs and power chairs are not a special category of vehicle under Arkansas law. In my opinion, to the extent that these chairs are operated as vehicles on the public roads (a purpose for which they were clearly not designed), they are best characterized as motor vehicles.[3] Furthermore, to the extent that they are characterized as motor vehicles, there is no provision for registering or licensing them. In addition, they do not meet the equipment standards for motor *Page 6 
vehicles operated on public roads in a number of regards. Operation of such a chair on the road as a motor vehicle would certainly endanger the driver of the chair, as well as other drivers seeking to avoid a collision. See A.C.A. § 27-37-101. Finally, motorized wheelchairs and power chairs, as manufactured, are almost certainly incapable of achieving the speed necessary to keep pace with vehicular traffic.See A.C.A. § 27-51-208(a).
It is my opinion that many electric scooters may properly be characterized as motor-driven cycles. Arkansas Code Annotated § 27-20-101 defines the term "motor-driven cycle" and provides:
 "Motor-driven cycle" means every motor vehicle having a seat or saddle for use of the rider and designed to travel on no more than three (3) wheels in contact with the ground and having a motor which displaces two hundred fifty cubic centimeters (250 cc) or less, but this definition shall not include a motorized bicycle.
A.C.A. § 27-20-101(2) (Supp. 2007).[4]
Motor-driven cycles may properly be driven on the public streets and highways of Arkansas provided that they are equipped in the manner provided by A.C.A. § 27-20-104(a) and their riders are outfitted in the manner provided by A.C.A. § 27-20-104(b). However, even assuming that an electric scooter is a "motor-driven cycle," it is not exempt from the requirement of being equipped with pneumatic tires in order to be driven on the highway under A.C.A. § 27-37-401(a). According to my research some, but not all, electric scooters are equipped with solid rubber tires. Such tires are prohibited on Arkansas roads. Id. Moreover, the minimum speed requirements previously discussed would still apply.See A.C.A. § 27-51-208(a). It is my understanding that most electric scooters are designed primarily for personal mobility and are, therefore, not capable of achieving speeds that would allow them to keep pace with vehicular traffic.
Turning to the issue of golf carts, I recently opined on the permissibility of operating golf carts on public roads in Ops. Att'y Gen. 2008-142 and 2009-068. I am attaching copies of those opinions for your review and will not restate the full *Page 7 
analysis here. To summarize, it is my opinion that golf carts are not generally permitted on state highways, federal highways and county roads, but may be permitted on city streets for the purpose of driving between the owner's home and the golf course if the city in question passes an ordinance to that effect. See A.C.A. § 14-54-1410 (Repl. 1998).
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] A possible exception to this statement is electric scooters, some of which may, theoretically, be eligible for registration as motor-driven cycles, as will be set forth in greater detail further on in this opinion.
[2] To the extent that electric scooters constitute "motor-driven cycles" they are immune from some of these requirements.
[3] There is a plausible argument that motorized wheelchairs and power chairs are not vehicles at all because the definition of the word "vehicle" contemplates the ability to be driven on public roads. A.C.A. § 27-49-219(a). However, an answer to your question requires an assumption that such chairs are, in fact, being driven on the roads. It is my opinion that the literal language of the definition of "vehicle" includes all transportation devices being operated on the road, whether or not such operation is permissible. Id. This definition describes a "vehicle" as "every device in, upon, or by which any person or propertyis or may be transported or drawn upon a highway." Id (emphasis added).
[4] Some electric scooters are equipped with more than three wheels. The analysis applied to motorized wheelchairs and power chairs would be most applicable to these scooters as they would simply be classified as motor vehicles.

 *Page 1