REFUGIO RODRIGUEZ ET AL, *v.* RICHARD B.
ADKISSON, JUDGE

5817                                    491 S.W. 2d 814

Opinion delivered March 26, 1973

*Henry J. Osterloh* for petitioners.

*Jim Guy Tucker,* Atty. Gen., by: *Frank B. Newell,*
Asst. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. The two petitioners,
Refugio Rodriguez and Ramon Cantu, were charged
with the unlawful possession of marijuana, with the
intent to deliver it, in violation of Act 590 of 1971 as
amended by Acts 67 and 68 of 1972. Ark. Stat. Ann.,
Title 82, Ch. 26 (Supp. 1971), as amended. Having plead-
ed not guilty in the trial court, the petitioners now
seek a writ of prohibition to prevent the case from being
tried and to obtain a dismissal of the charges. The pe-
titioners' theory is that Act 68 of 1972 is unconstitution-
al and that the invalidity of the act may be put on issue
by their petition for a writ of prohibition.

We find no merit in the contention that prohibition
is the appropriate remedy. Basically, the petitioners are
charged with a violation of Act 590 of 1971, the Uniform
Controlled Substances Act, which provides a criminal
penalty for the possession of marijuana with the intent
to deliver it. Ark. Stat. Ann. § 82-2617. Act 590 was
amended by Act 67 of 1972, which, among other things,
raised certain of the offenses from misdemeanors to fe-

lonies. Act 590 was also amended by Act 68 of 1972, which provides, in part, that the possession of more than one ounce· of marijuana creates a rebuttable presumption of an intent to deliver it to someone else.

Prohibition involves jurisdictional issues. For the writ to issue, it must appear that the trial court is about to act in a matter beyond its jurisdiction and that the petitioner has no other remedy to prevent the threatened usurpation of power. *Harkey* v. *Matthews,* 243 Ark. 775, 422 S.W. 2d 410 (1967). Here the petitioners contend that Act 68 involves a denial of due process, in that the mere possession of more than one· ounce of marijuana does not reasonably and necessarily give rise to the conclusion that the possessor intends to deliver it. Even so, the trial court's jurisdiction obviously does not depend upon the validity of Act 68. The State may decide not to invoke the presumption. Act 68, even if invalid, may be found to be separable from the more comprehensive uniform act. Actually, the petitioners are contending that the mere passage of Act 68 had such a far-reaching effect upon Act 590 that it is no longer illegal to possess more than an ounce of marijuana. To state that contention is to answer it.

Writ denied.