The MUNICIPAL COURT OF HUNTSVILLE, Madison County, Arkansas *v.* Pier L. CASOLI

87-268 740 S.W.2d 614

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*W. Q. Hall*, for appellant.

No brief for appellee.

JOHN I. PURTLE, Justice. This is an appeal by the municipal court of Huntsville from the order of the circuit court of Madison County directing the municipal court to refund an appearance bond. For reversal the appellant argues that the writs of prohibition and mandamus do not lie and that the circuit court has no authority to determine the amount of bond set by the municipal court. We agree that the circuit courts do not have authority to direct the municipal courts in discretionary matters and we reverse the order of the circuit court in this case.

On May 20, 1985, Pier L. Casoli was issued a citation by an Arkansas State Trooper which charged Casoli with a third offense DWI. A $1500 appearance bond was posted and, when Casoli failed to appear for trial, this bond was forfeited. The municipal court was informed that Casoli was in Italy and would not return. The municipal court then told the attorney for the absent accused that if Casoli returned to Madison County he would be arrested. He returned and was arrested and this time was required to post a $5000 bond. After many continuances the trial was set for November 6, 1986. On November 5 Casoli filed a petition for mandamus and prohibition in the circuit court requesting that his $5000 bond be returned and that the municipal court be prohibited from proceeding with the case. On that same date the circuit court issued an "interlocutory order" restraining the municipal court from conducting any further proceedings in the matter. A hearing was held in the circuit court on November 25, 1986, and on December 9, the circuit court issued a final order which found the $5000 bond to be excessive, ordered its return, and "reinstated" the DWI charge in the municipal court.

The municipal court argues on appeal that the circuit court

"had no business" in ordering the return of the $5000 bond as the necessity and the amount of the bond are controlled by the Arkansas Rules of Criminal Procedure. The appellant argues further that if Mr. Casoli has any remedy, it is certiorari, citing *Thomas* v. *State*, 260 Ark. 512, 542 S.W.2d 284 (1976). It is the contention of the municipal court that the $5000 bond in this case is not unreasonable because the maximum penalty on a third offense DWI conviction is a $5000 fine and one year in jail. See Ark. Stat. Ann. §§ 75-2504(2) and 75-2505(c) (Supp. 1985).

We considered the relationship between the municipal and circuit courts concerning pretrial release hearings and appearance bonds in *Thomas* v. *State*, supra. Thomas was arrested for allegedly possessing marijuana for sale. Bail was set for all such offenses by prearrangement of the municipal court. Thomas applied to the circuit court for "Petition for Supervisory Writ of Mandamus and Certiorari and for Writ of Habeas Corpus." The circuit court, after a hearing, denied the petition and held that the "pre-set" bond was within the authority of the municipal court. Upon application of Thomas we granted a temporary writ of certiorari releasing the petitioner upon posting $5000 bail with surety or by depositing 10% of that bail with the clerk of the municipal court.

On appeal we first reviewed A.R.Cr.P. Rules 8 and 9. Rule 8.5 mandates a pretrial release inquiry prior to or upon the first appearance and Rule 9.2(a) states that the magistrate shall require cash bond only as a last resort in order to guarantee the appearance of the accused. Rule 9.2(e) provides that the same bond shall continue throughout the trial and appellate process. See *Miller* v. *Pulaski County Circuit Court*, 284 Ark. 55, 679 S.W.2d 187 (1984). We held in *Thomas* that the circuit court erred in refusing to require the municipal court to hold a pretrial release inquiry in compliance with the Arkansas Rules of Criminal Procedure. We rejected the state's contention that the hearing in the circuit court cured the error of the municipal court in failing to conduct a hearing. Relying upon *State* v. *Nelson, Berry Petroleum Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969), we held that certiorari was available in the exercise of this court's superintending control over inferior courts which are proceeding illegally where there is no other adequate mode of review.

■ The circuit courts are charged with a corresponding duty to supervise inferior courts by Arkansas Constitution article 7, sec. 14, which states:

> The circuit courts shall exercise a superintending control and appellate jurisdiction over county, probate, court of common pleas and corporation courts and justices of peace, and shall have power to issue, hear and determine all the necessary writs to carry into effect their general and specific powers, any of which writs may be issued upon order of the judge of the appropriate court in vacation.

In *Reese* v. *Steel*, 73 Ark. 66, 83 S.W. 335 (1904), this court stated: "The Constitution (art. 7, § 14) confers on the circuit courts appellate jurisdiction of, and superintending control over, county and other inferior courts, and gives the circuit judges in vacation power to issue, hear and determine all necessary writs to carry into effect this jurisdiction and control." It is thus clear that the circuit court has superintending control over the municipal court. However, the question presented is whether the circuit court had the authority to order the municipal court to return the $5000 bond.

■ We cannot determine from the record whether the court intended to issue a writ of prohibition or a writ of mandamus. However, neither writ is appropriate because the $5000 appearance bond was within the discretion of the trial court. Mandamus will not lie to compel action on discretionary matters. *Chandler* v. *Perry-Casa Public School District #2*, 286 Ark. 170, 690 S.W.2d 349 (1985). Mandamus will not lie to control a public official in a discretionary act. *Lewis* v. *Conlee*, 258 Ark. 715, 529 S.W.2d 132 (1975). Prohibition is designed to prevent a court from exercising jurisdiction not possessed by it or power not otherwise authorized by law when there is no other adequate remedy by appeal or otherwise. *State* v. *Nelson, Berry Petroleum Co.*, supra.

■ In setting the appearance bond the municipal court considered the fact that the accused had previously failed to appear and that he was from Italy. These are some of the factors that should be considered in setting a bond. See A.R.Cr.P. Rule 9.2(c). However, the amount of bail rests in the reasonable discretion of the trial court. Under the circumstances of this case

we hold that the circuit court erred in ordering the bond refunded. The order of the circuit court is vacated with directions to remand the case to the Municipal Court of Huntsville, Arkansas for proper disposition.

Reversed and remanded.