Christopher GOBER *v.* William R. DANIELS, Municipal
Judge

88-3                                                    748 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered April 11, 1988

*Gibson & Deen*, by: *Thomas D. Deen*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y
Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Christopher Gober was convicted in municipal court on charges of second offense driving while intoxicated (and other offenses) and was sentenced by appellee to sixty days imprisonment with fifty days suspended, $3,225.00 in fines with $1,800.00 suspended, and eighteen months suspended driver's license. Gober sought to appeal to circuit court and, pursuant to Ark. Code Ann. § 16-96-504 (1987), formerly Ark. Stat. Ann. § 44-508 (Repl. 1977), appellee set a $3,225.00 cash bond whereupon Gober filed a petition for writ of mandamus in circuit court asking that appellee be compelled to accept bond with approved security on the grounds that Gober could not obtain supersedeas of the lower court's judgment if required to pay a cash bond in the amount of the fines imposed which additionally worked to deny him his right to a trial *de novo* in circuit court. The circuit court issued a writ of mandamus directing that bond be reduced by the amount of the fines which were suspended, but otherwise refused to interfere with the appellee's discretion in requiring a cash bond.

On appeal, Gober argues that while the circuit court correctly found that bond could not be increased beyond the sum of the fines actually imposed, our rules of criminal procedure along with principles of constitutional law militate against the imposition of cash bonds in that amount. Appellee cross-appeals arguing that the circuit court correctly refused to set aside the cash bond requirement but erred in reducing the bond and otherwise should never have issued the writ because mandamus will not lie to compel action on discretionary matters. We agree with the appellee's final contention that mandamus was not the proper remedy and hold that the circuit court erred in issuing the writ. *Municipal Court of Huntsville* v. *Casoli*, 294 Ark. 37, 740 S.W.2d 614 (1987).

■■ In the course of reaching our holding in this case we point out that whereas Gober relies on Rule 9.2 of the Arkansas Rules of Criminal Procedure, which deals with pretrial release bonds, Rule 1.2 provides that the rules of criminal procedure apply to proceedings in inferior courts only where their application is practicable or constitutionally required. The regimens of Rule 9.2 have no practicable application to the setting of a supersedeas bond contemplated by § 16-96-504, nor are they constitutionally required. There is a marked difference between

the purpose of supersedeas, which is to stay the effect of the judgment, and those bonds which operate to guarantee the appearance of the person.

Section 16-96-504 provides that in appeals from convictions for misdemeanors there shall be no supersedeas of the judgment unless bond shall be given with approved security. The type and amount of such a bond is a discretionary matter with the presiding municipal judge and, to that extent, it is like the bail bond discussed in *Casoli, supra.* Although mandamus will lie to require inferior courts to act when they have improperly declined to do so, the writ is never applied to control the discretion of a trial court or to correct an erroneous exercise of discretion. *State* v. *Nelson, Berry Petroleum Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969). Nor will mandamus lie where some other remedy such as appeal and petition for reduction of bond accords adequate relief. *Nelson, supra.*

Because mandamus was not the proper remedy to compel action by appellee in the discretionary act of setting supersedeas bond as directed by statute, we vacate the writ and dismiss the appeal.

Appeal dismissed; writ of mandamus vacated.