H. Eugene TAYLOR *v.* Honorable Judith ROGERS

88-264                                                                764 S.W.2d 619

Supreme Court of Arkansas
Opinion delivered February 20, 1989

· *Dodds, Kidd, Ryan & Moore*, by: *Judson C. Kidd*, for petitioner.

*Wilson, Engstrom, Corum & Dudley*, by: *Wm. R. Wilson, Jr.*, for respondent.

DAVID NEWBERN, Justice. H. Eugene Taylor seeks a writ of prohibition with respect to contempt citations in the court of Chancellor Judith Rogers. He was sentenced to spend five weekends in jail for failure to make timely child support payments to his wife. The support had been ordered as a temporary measure during divorce proceedings. At the hearing he was again cited for making a profane threat to his wife while the chancellor and counsel were in the chancellor's chambers discussing the case and Mr. and Mrs. Taylor were in the courtroom. He was sentenced to an additional five weekends, thus making a total of twenty days, in jail.

■ A writ of prohibition may issue only when the court to which it is to be directed is wholly without jurisdiction and appeal is not an adequate remedy. *Municipal Court of Huntsville* v. *Casoli*, 294 Ark. 37, 740 S.W.2d 614 (1987); *State* v. *Nelson, Berry Pet. Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969). The arguments of the petitioner do not suggest the court lacked jurisdiction to issue either of the citations. With respect to the first one, he argues the child support order was not sufficiently definite in its statement of the due date of the child support. As to the second citation, he argues he was not in the presence of the court and that the act for which he was found in contempt was not disruptive of court proceedings. Both arguments are allegations of error only.

Writ denied.

PURTLE, J., concurs in part and dissents in part.

JOHN I. PURTLE, Justice, concurring in part; dissenting in part. Although I agree that the chancellor was justified in finding the petitioner guilty of contempt for willfully failing to make timely support payments, I would reach a different result with respect to the second citation. I would issue the writ of prohibition on the contempt citation concerning the alleged profane statement of the petitioner to his wife out of the presence of counsel or the court. I realize that prohibition is not proper when appeal is an adequate remedy. However, in the present case it is my opinion that the second citation is so unsupported by the facts that it would be an undue burden to force the petitioner to appeal this contempt citation on its merits when the matter is already before us in complete detail.