The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion concerning the proper division of money collected for fines as between cities and counties. I have paraphrased your specific question as follows:
 When a municipal court assesses a fine for a violation of a state code section which may or may not also be a violation of a municipal ordinance, and then the case is appealed to circuit court and is affirmed, are fine proceeds to be retained by the city or paid over to the county?
In my opinion, the answer to your question depends upon where the offense occurred and who the arresting officer was.
Apart from appeal, the determination as to whether fine proceeds are retained by the city or paid over to the county when a conviction is had in municipal court is controlled by A.C.A. §16-17-707 (Cum. Supp. 1991), which states:
 (a) The municipal court clerk shall keep three (3) separate accounts of all fines, penalties, forfeitures, fees, and costs received by him for any of the officers of the city, township, or county, as provided in this subchapter.
 (1) The first class of accounts shall embrace all sums collected in the municipal court in all criminal cases arising out of violations of the city ordinances and cases arising out of violation of state laws committed within the corporate limits of the city where the court sits, where the arresting officer was a police officer or other officer of the city or where the arresting officer was a state police officer.
 (2) The second class of accounts shall embrace all cases arising out of violation of any of the laws of the state where the arresting officer was not a police officer or other officer of the municipality, or where the offense was committed outside the corporate limits of the city and the arrest was made by a state police officer, and in all other criminal proceedings not specifically enumerated in this section.
 (3) The third class shall embrace all sums collected in the municipal court in all civil cases.
 (b) After deduction and remittance of those fees permitted and authorized in this subchapter, the balance shall be disbursed to the treasurers of the political subdivisions which contribute to the expenses of the municipal court in proportionate amounts as each pays to the court.
 (c) After deducting the fees and costs due the sheriff and constables, the municipal court shall pay into the city treasury all sums arising from the first class of accounts, and he shall pay all sums arising out of the second class of accounts into the county treasury.
 (d) All disbursements from all three (3) classes shall be pursuant to the provisions set forth in §§ 16-10-201—6-10-210.
Apart from appeal then, the city is thus to retain all fine proceeds assessed for (A) violations of city ordinances, (B) violations of state law where the violation occurs within corporate limits of the city and the arresting officer is an officer of the city or is a state police officer. Fine proceeds are to be paid by the city over to the county where the municipal court assesses the fine for (A) a violation of a state law and the arresting officer is not an officer of the city, or (B) where the violation occurs outside the corporate limits of the city and the arrest is made by a state police officer.
In those cases where a defendant appeals his conviction from municipal to circuit court, the procedures set forth in A.C.A. §§16-96-501—16-96-510 must be followed.
Specifically, A.C.A. § 16-96-501 states:
 All persons convicted in any municipal, justice's of the peace, or city court upon any plea of guilty in any misdemeanor case may appeal to the circuit court from the judgment of conviction by following the same procedure prescribed by law for appeals in other misdemeanor cases.
A.C.A. § 16-96-503 states:
 The court shall have appellate jurisdiction over the judgments of justices' courts, and of police and city courts, in their respective counties, without regard to the amount in controversy.
A.C.A. § 16-96-504 states:
 In all cases where a person has been convicted of a misdemeanor and shall appeal, there shall be no supersedeas of the judgment unless bond shall be given with approved security conditioned that the appellant shall appear in the court to which the appeal is taken and submit himself to the jurisdiction of the court and not depart therefrom without leave of the court.
Section 16-96-504 provides that in appeals from convictions for misdemeanors there shall be no supersedeas of the judgment unless bond shall be given with approved security. The purpose of supersedeas is to stay the effect of the judgment. See Goberv. Daniels, 295 Ark. 199, 748 S.W.2d 29 (1988). The type and amount of such a bond is a discretionary matter with the presiding municipal judge. Id. Thus, when an appeal is taken from a conviction in municipal court, the judgment of the court may be carried out unless a bond is posted with adequate security. The municipal court could collect the fine and costs absent the posting of a supersedeas bond.
Upon appeal to circuit court, if a bond is posted, the municipal court would not collect the fine or costs. If the case is affirmed on appeal, the costs can then be recovered by the circuit clerk from the defendant or from the bond.
A.C.A. § 16-96-507 states:
 Upon the appeal, the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment for any amount is rendered against the defendant, and thereupon he shall be adjudged to pay costs of the appeal.
For those cases that are affirmed by the circuit court on appeal from municipal court, the proper disposition of the fine proceeds is set out in A.C.A. § 16-96-403.
A.C.A. § 16-96-403 states:
 The fines, penalties, forfeitures, and costs imposed by the circuit court for the violation of municipal ordinances and bylaws, in cases appealed from the police or municipal courts of cities of the first class, shall be collected and disbursed by the sheriff in the following manner:
 (1) The penalty imposed for the violation of the city ordinance or by law shall be immediately paid to the city collector or recorder of the city whose ordinance or bylaw was violated, for city purposes;
 (2) The police or municipal court costs shall be retaxed in the circuit court and shall be paid immediately to the city collector or recorder for city purposes;
 (3) The costs taxed for the trial in the circuit court shall be paid to the county treasurer for county purposes.
After affirmance on appeal then the circuit clerk is to retax the defendant for those court costs assessed in municipal court, and the county is also to collect from the defendant any fine assessed in municipal court if the violation was for a city ordinance. The county is then to pay those sums over to the city. Those court costs and fines assessed by the circuit court for the appeal shall be collected by the circuit clerk and retained by it for the county.
It should also be noted that when a defendant appeals a conviction from municipal to circuit court, the circuit clerk is to charge the defendant the filing fee it charges for the initiation of any new case (A.C.A. § 21-6-403), along with that fee set out in A.C.A. § 21-6-402 for entering an appeal from an inferior court. These fees are to be retained by the county for its use.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh