Thomas Lee GILBERT *v.* STATE of Arkansas

CR 91-199                                    826 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Greene Law Firm*, by: *Omar Greene*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Thomas Lee Gilbert appeals from a judgment entered on a verdict of guilty of possession of a controlled substance (crack cocaine) with intent to deliver. The jury imposed a sentence of sixty years in the Department of Correction. Gilbert's only point of error is that his motions for a directed verdict should have been granted. We hold the trial court ruled correctly.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Salley* v. *State*, 303 Ark. 278, 796 S.W.2d 335 (1990). Sergeant Monty Vickers testified that he was patrolling near 17th and Cedar Streets in Little Rock around midnight on December 2, 1989. He saw a group of males, including Gilbert standing in an alley near a black Oldsmobile. Gilbert and another individual were face to face looking down as others looked on. Gilbert had money in his hand. When Gilbert saw Vickers he ducked behind the automobile and though Vickers could no longer see Gilbert, he saw his hand place a match box under the right rear wheel of the Oldsmobile. Gilbert then stood up and walked away. Vickers stopped Gilbert for identification, retrieved the match box and, finding fifteen particles of what proved to be crack cocaine, placed Gilbert under arrest.

When his initial motion for a directed verdict was denied, Gilbert offered the testimony of Fred Gilbert who was present when appellant was arrested. He said appellant at no time stooped down and placed anything behind the back wheel of the car and he did not see the officer remove anything from the back wheel of the

car.

■■ On appeal Gilbert points out that he is presumed innocent and the burden of proof of every element of the offense rests upon the state. He argues that Officer Vickers assumed that a drug transaction was in progress and his testimony was colored by that presupposition. He submits that Vickers was thirty feet away in a dimly lit alley and could not possibly have seen Gilbert place an object behind the wheel of a car on the opposite side of Officer Vickers. These arguments are, of course, relevant to the issue of credibility and, as such, rest with the jury. *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987). Obviously the jury resolved that conflict favorably to the state. The proof, constituting direct evidence of guilt, is clearly sufficient to sustain the conviction.

-Affirmed.