Russell HILL *v.* STATE of Arkansas

CR 93-851                                      868 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered December 13, 1993

*Jo Ellen Carson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This case involves a DWI committed on private property. Appellant argues that driving while intoxicated is not a criminal offense when it occurs on private property and evidence of inebriation should have been suppressed because of irregularities involving his arrest. Appellant also submits the evidence was insufficient to support the verdict. We find no merit in these points.

On July 23, 1992, Russell Hill, appellant, was a customer at a private club in Fort Smith. When the club closed about 5:00 a.m., appellant walked to his truck on the club's parking lot. According to witnesses, appellant backed into another car, causing damage. When it appeared appellant was about to drive away two employees detained him and called the police. A policeman arrived and arrested appellant for DWI.

Appellant was tried and found guilty of DWI, first offense. He was sentenced to thirty days in jail, ninety days suspended license, and ordered to pay a fine of $500.00. Appellant brings this appeal from that judgment arguing three points for reversal.

I

Appellant argues that the offense of DWI cannot be committed on the parking lot of a private club. We can dispense with this argument by reference to our holdings in *Sanders* v. *State*, 312 Ark. 11, 846 S.W.2d 651 (1993) and *Fitch* v. *State*, 313 Ark. 122, 853 S.W.2d 874 (1993), that a DWI offense can be committed on private property, and there are no circumstances which would distinguish this case from *Sanders* or *Fitch*. Therefore, we find no merit in appellant's contention.

We believe some confusion exists under earlier cases: *Sanders* v. *State, supra, Robinson* v. *Sutterfield*, 302 Ark. 7, 786 S.W.2d 572 (1990) and *Hartson* v. *City of Pine Bluff*, 270 Ark. App. 748, 606 S.W.2d 149 (1980), and we take this opportunity to explain, as appellant has challenged aspects of all three.

The difficulty concerning DWI offenses in these cases has been the relationship between Title 27 and our DWI Omnibus Act.[1] Title 27 of Arkansas Code Annotated deals generally with

---

[1]Ark. Code Ann. §§ 5-65-101 through 5-65-207 (1987).

transportation and is a compilation of a number of acts regulating transportation, including air and water traffic, as well as motor vehicle traffic. Originally DWI offenses were covered by Title 27, but in 1983 the General Assembly passed the DWI Omnibus Act (No. 549), and § 18 of that act repealed the DWI provisions in Title 27. The Omnibus act was obviously intended to be a comprehensive act dealing with all aspects of DWI offenses.

The confusion has been generated primarily by two statutes under Title 27. The first is Ark. Code Ann. § 27-49-102(1) (1987), cited in *Hartson, supra*, for the premise that failing to yield the right of way, in order to constitute a traffic offense, must necessarily occur on a highway. From that holding in *Hartson*, the argument has been made that all traffic offenses must be committed on a highway and, therefore, DWI cannot be a traffic offense if it occurred on private property. That is not a correct interpretation of *Hartson* or the statute involved.

What was *not* discussed in *Hartson* was the second section of the statute, Ark. Code Ann. § 27-49-102(2) (1987), which expressly provided that certain traffic offenses were exempted from the "highway requirement" of the preceding section, and could be committed "upon highways *and elsewhere throughout the state*." This statute in its entirety was part of a comprehensive motor vehicle act of 1937, No. 300, at § 20. Also included as part of the Act was the offense of DWI at § 49. As the Act was written, that DWI offense was one of the offenses expressly exempted from the "highway requirement" which is now § 27-49-102(1). Therefore, under the 1937 legislation, a DWI offense was not limited to being committed on a highway under § 27-49-102(1), but could be committed "on highways and elsewhere throughout the state" under § 27-49-102(2).

While § 49 was repealed by § 18 of the DWI act, and DWI offenses are no longer controlled by Title 27, it is evident from the history of § 27-49-102(2), that the legislature intended that the offense of DWI not be restricted to the highways of this state. That intention is also reflected in the language of the DWI Act. *See Sanders, supra.* We have no doubt but the legislature has consistently intended that DWI constitutes a criminal offense whether it occurs on highways or on private property.

The second statute under Title 27 that has caused some confusion is Ark. Code Ann. § 27-50-302 (1987), which is a list of traffic violations and the grades of those offenses. As that statute now reads, DWI is not among the offenses listed and some have argued that we should not treat DWI as a traffic offense. *Robinson* v. *Sutterfield, supra.* In *Robinson* we stated there was no indication this list of traffic offenses was ever intended to be exclusive, and common sense suggested otherwise. While that response was sufficient to address the argument, we might well have discussed the history of the statute. When § 27-50-302 was enacted in 1977, DWI *was* among the offenses listed. It remained there until 1983 when the DWI Omnibus Act was passed and that act became the comprehensive legislation for DWI offenses. That part of § 27-50-302 listing DWI and its grade was specifically repealed by the DWI Act. Section 18 of Act 549, *supra.* We conclude, therefore, that the legislature has always considered DWI to be a traffic offense and only removed it from the list of traffic offenses under § 27-50-302, when DWI became the focus of an entire act within itself.

In sum, Title 27 originally included and governed DWI offenses, but the DWI provisions under that Title were repealed with the enactment of our Omnibus DWI Act. Title 27 has not governed DWI offenses since 1983 and DWI provisions are no longer found within that Title. As noted, however, our former statutes are helpful in evincing legislative intent. We believe those provisions were meant to be broadly construed. *J.L. McEntire & Sons* v. *Hart Cotton Co.*, 256 Ark. 937, 511 S.W.2d 179 (1974); *Mears* v. *Arkansas State Hosp.*, 265 Ark. 844, 581 S.W.2d 339 (1979). Our holdings in *Sanders, supra* and *Fitch, supra*, are consistent with that perceived intention.

## II

Second, appellant argues the trial court erred in convicting him of driving while intoxicated based on testimony by private citizens, two club employees, who initially detained him. He relies on our holding in *Perry* v. *State*, 303 Ark. 100, 794 S.W.2d 141 (1990).

In *Perry*, the arrest occurred just beyond a patrolling policeman's jurisdiction. The officer found appellant drunk, sitting

behind the wheel of a parked car. The officer knew he was outside his jurisdiction so he radioed a local policeman and detained appellant until that officer arrived and made the arrest. This court held detention of the appellant by the first officer amounted to an arrest and that he had no greater authority to arrest than any other private citizen. The *Perry* court concluded that the unlawful detention amounted to a Fourth Amendment violation and evidence obtained as a result of that detention was subject to the exclusionary rule.

Appellant would apply the rationale of *Perry* to this case, putting the employees of the club in the position of the first arresting officer in *Perry*, i.e., that they had no power to arrest and, therefore, any evidence obtained through them should be suppressed. The fallacy of the argument lies in the fact that the evidence was suppressed in *Perry*, not because an arrest was effected by a private citizen but, rather, because it was effected by an official of the state.

> The search and seizure clauses are restraints upon the government and its agents, not upon private individuals. The general corollary to this proposition is that the exclusionary rule is not intended as a restraint upon the acts of private individuals. (Cites omitted).

*Houston* v. *State*, 299 Ark. 7, 771 S.W.2d 16 (1989).

Therefore, even if appellant's detention by private citizens was improper, such action would not implicate the Fourth Amendment. Only when some form of state action is involved can the Fourth Amendment and the exclusionary rule be invoked. *Houston* v. *State, supra.*

## III

As his final point, appellant argues the trial court erred in finding sufficient evidence that appellant was in actual physical control of his vehicle. The primary witnesses to appellant's DWI offense were the two employees of the private club. One of them, Doug Spicer, had seen appellant in the club and thereafter on the parking lot, heading for his truck. He testified that appellant got into the truck and backed into a car parked nearby. He also testified appellant was intoxicated. The other employee, Don Mid-

dleton, testified he was in the parking lot at the time of the accident and saw appellant's truck back into the car. He immediately went over to the car and testified that appellant was sitting in the driver's seat- that "there was no question" but that appellant was driving.

The officer called to the scene testified appellant had a strong odor of intoxicants about him and could not perform field sobriety tests. Appellant was tested on a breathalyzer at the police station and registered .24. Appellant's argument goes to the credibility of the witnesses which was for the jury to decide. *Gilbert* v. *State*, 308 Ark. 565, 826 S.W.2d 240 (1992). Under the evidence that was admitted, there was sufficient evidence to support the verdict.

Affirmed.