STATE of Arkansas *v.* John WILCOX

95-1166                                                927 S.W.2d 337

Supreme Court of Arkansas
Opinion delivered September 9, 1996

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellant.

*Doug Norwood*, for appellee.

TOM GLAZE, Justice. Appellant John Wilcox pled guilty to driving while intoxicated, first offense, before a special or temporary judge in municipal court. The judge delayed sentencing until the return of the regular sitting judge, Doug Schrantz. The special judge indicated Judge Schrantz would impose the use of an interlock ignition device in Wilcox's car. Such a device connects a motor vehicle ignition to a breath-alcohol analyzer and prevents the ignition from starting if a driver's blood-alcohol level exceeds the calibration setting on the device.

Before the date of his sentencing, Wilcox petitioned the Benton County Circuit Court for a writ of certiorari or prohibition to prohibit Judge Schrantz from imposing an interlock device as a part of Wilcox's sentence. The circuit court found that the ignition interlock device law, Ark. Code Ann. § 5-65-118(a)(1) (1993), violated the Equal Protection Clause and issued a writ prohibiting the municipal court from utilizing the statute. The state brings this appeal, seeking reversal.

We do not reach the issue concerning the constitutionality of § 5-65-118 because the circuit court had no authority to issue a writ of prohibition preventing that statute's enforcement. First, as this court has said repeatedly, a writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly

without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *State v. Pulaski County Circuit-Chancery Ct.*, 316 Ark. 473, 872 S.W.2d 854 (1994); *see also* 73 C.J.S. Prohibition 521 (prohibition is not available to prevent proceedings where a statute or ordinance is not clearly unconstitutional and where the question of the constitutionality of a statute does not go to the fundamental jurisdiction of the court). Prohibition involves jurisdictional issues, and for the writ to issue, it must appear that the trial court is about to act in a matter beyond its jurisdiction and the petitioner has no other remedy to prevent the threatened usurpation of power. *Rodriguez v. Adkisson, Judge*, 254 Ark. 128, 491 S.W.2d 814 (1973). Stated differently, prohibition is designed to prevent a court from exercising jurisdiction not possessed by it or power not otherwise authorized by law when there is no other adequate remedy by appeal or otherwise. *Municipal Ct. of Huntsville v. Casoli*, 294 Ark. 37, 740 S.W.2d 614 (1987).

▪ Wilcox concedes that, when (or if) the Rogers Municipal Court imposed the interlock device as part of his sentence, Wilcox could appeal his conviction judgment to the Benton County Circuit Court where he could obtain a *de novo* trial and contest, constitutionally and otherwise, the imposition of such a device.[1] In addition, Wilcox admits, as he must, that the Rogers Municipal Court had jurisdiction to try his DWI offense, and this court has held that a writ of prohibition should not be granted even if part of the order is beyond the jurisdiction of the judge, since those questions can be properly raised on appeal. *Miller v. Lofton*, 279 Ark. 461, 652 S.W.2d 627 (1983). Because the Rogers Municipal Court had jurisdiction to try Wilcox's DWI prosecution, and Wilcox can appeal that court's decision to circuit court, the Benton County Circuit Court erred in issuing a writ prohibiting that inferior court from utilizing § 5-65-118 in sentencing Wilcox.

In conclusion, we mention Wilcox's argument that this court lacks jurisdiction to hear this appeal. Wilcox is wrong. The court has jurisdiction under Ark. R. App. P. 2(a)(2); *see also Municipal Court of Huntsville*, 294 Ark. 37, 740 S.W.2d 614.

---

[1] We note that, in his argument in circuit court, Wilcox said that all the local circuit judges were not utilizing the device in DWI cases.

We reverse the Benton County Circuit Court's decision issuing a writ of prohibition and remand with directions to vacate its writ.