Harold Eugene KERSH *v.* STATE of Arkansas

CA CR 96-375                                        938 S.W.2d 569

Court of Appeals of Arkansas
Division IV
Opinion delivered February 5, 1997

*Hough, Hough, & Hughes, P.A.*, by: *R. Paul Hughes III* and *Stephen G. Hough*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen. and *Stuart A. Clearly*, Law Student Admitted to Practice Pursuant to Rule XV(G)(1)(b) of the Rules Governing Admission to the Bar of the Arkansas Supreme Court, for appellee.

ANDREE LAYTON ROAF, Justice. Harold Eugene Kersh was charged with second-degree battery and criminal mischief in Fort Smith Municipal Court. He pled no contest to the charges and the municipal court judgment was entered on June 29, 1995. Kersh filed his notice of appeal and transcript in the Sebastian County Circuit Court on July 31, 1995. The State moved to dismiss the appeal as untimely filed. The circuit judge granted the motion and dismissed Kersh's appeal; Kersh appeals from that ruling. We reverse and remand to the circuit court for further proceedings.

Because the timeliness of Kersh's appeal is the sole issue before us, it is only necessary to discuss the facts relevant to computation of time for the filing of his appeal to circuit court. The municipal court judgment was entered on June 29, 1995. Kersh filed his notice of appeal and transcript in the circuit court on Monday, July 31, 1995, or 32 days after the municipal court judgment was entered. The State argued to the trial court that this appeal was untimely for two reasons: 1) the day of the event (entry of judgment) should be counted in calculating the 30-day period, which would thus have ended on Friday, July 28, 1995; or 2) if the 30th day falls on a Saturday, Sunday, or legal holiday, it should be counted, also requiring Kersh to have filed his appeal on the previous Friday, July 28, 1995.

On appeal, Kersh argues that Arkansas Inferior Court Rule 9 should be read in conjunction with either Rule 1.4 of the Arkansas Rules of Criminal Procedure or Rule 6(a) of the Arkan-

sas Rules of Civil Procedure in order to determine first, whether the day of the event should be counted in the calculation of the 30-day period; and second, whether a Saturday, Sunday, or legal holiday should be counted as the final day to appeal. The State concedes in its brief that Inferior Court Rule 9(a) and Ark. R. Civ. P. 6(a) mandate reversal of this case.

Arkansas Inferior Court Rule 9 reads as follows:

(a) Time for Taking Appeal. All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

Although Rule 9(a) only applies explicitly to civil cases, this court and the supreme court have repeatedly held that this rule also governs criminal appeals from municipal court to circuit court. *See e.g.*, *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994); *Laxton v. State*, 49 Ark. App. 148, 899 S.W.2d 479 (1995). While Rule 9 provides no guidance as to the calculation of the time period, Inferior Court Rule 10 states as follows:

Where applicable and unless otherwise specifically modified herein, the *Arkansas Rules of Civil Procedure* and rules of evidence shall apply to and govern matters of procedure and evidence in the inferior courts of this State. (Emphasis added.)

Finally, Ark. R. Civ. P., Rule 6(a) provides in pertinent part:

(a) Computation: In computing any period of time prescribed or allowed by these rules, by order of the Court or by any applicable statute, *the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.* (Emphasis added.)

■ Arkansas Rule of Civil Procedure 6(a) clearly provides, and the Arkansas appellate courts have consistently held, that the day of the event should not be included. *See e.g.*, *Union Nat'l Bank v. Nichols*, 305 Ark. 274, 279, 807 S.W.2d 36 (1991); *Hodge v. Wal-Mart Stores*, 297 Ark. 1, 759 S.W.2d 203 (1988). Thus, the

time for appeal began on June 30, 1995; thirty days from that date fell on Saturday, July 29, 1995.

 Rule 6(a) also specifically provides that should the time for appeal expire on a Saturday, Sunday, or legal holiday, the period shall extend to the next day that is not a Saturday, Sunday, or legal holiday. Kersh's time for appeal accordingly expired the following Monday, July 31, 1995. Kersh, in fact, timely filed his notice of appeal and transcript that day.

Reversed and remanded.

ROBBINS, C.J., and NEAL, J., agree.