The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116-3232
Dear Representative Vess:
This official Attorney General opinion is rendered in response to four questions you have presented concerning appeals from municipal court to circuit court.
You are particularly concerned with the possible applicability of Rule 9(d) of the Inferior Court Rules. Rule 9(d) states:
APPEALS TO CIRCUIT COURT
 (d) Supersedeas Bond. Whenever an appellant entitled thereto desires a stay on appeal to circuit court in a civil case, he shall present to the inferior court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree, or order of the inferior court. All proceedings in the inferior court shall be stayed from and after the date of the court's order approving the supersedeas bond.
Rule 9, Arkansas Inferior Court Rules.
You have asked:
 (1) Is Rule 9(d) of the Inferior Court Rules applicable to criminal cases?
 (2) If so, is it permissible for a municipal court to impose a supersedeas bond under the provisions of Rule 9(d) in cases involving any and all types of criminal cases?
(3) Is DWI a criminal offense or a traffic offense?
 (4) If Rule 9(d) is not applicable to criminal cases and if DWI is a traffic offense rather than a criminal offense, may a supersedeas bond be imposed in a DWI case?
Response
Question 1 — Is Rule 9(d) of the Inferior Court Rules applicableto criminal cases?
It is my opinion that the supersedeas of convictions obtained in municipal court is governed by the provisions of A.C.A. §16-96-504, rather than by Rule 9(d).
Rule 9(d), quoted above, of the Inferior Court Rules sets forth a procedure for obtaining supersedeas of a municipal court judgment in civil cases. Although the Arkansas Supreme Court has held that the provisions of Rule 9(a) (which also expressly apply to civil cases) are applicable to criminal cases as well as civil cases,see Bocksnick v. City of London, 308 Ark. 599, 825 S.W.2d 267
(1992), the court has not addressed the question of whether the provisions of Rule 9(d), concerning supersedeas, should also apply to criminal cases. Until the matter is addressed legislatively, judicially, or by the rule-making authorities, the question of whether Rule 9(d) is applicable to criminal cases will remain unresolved. It is my opinion that in the meantime, the provisions of A.C.A. § 16-96-504 will govern.
As explained more fully below, I reach this conclusion by reference to both the Inferior Court Rules and the Rules of Civil Procedure.
Rule 10 of the Inferior Court Rules states:
APPLICABILITY OF OTHER RULES
 Where applicable and unless otherwise specifically modified herein, the Arkansas Rules of Civil Procedure and rules of evidence shall apply to and govern matters of procedure and evidence in the inferior courts of this State.
Rule 10 has been relied upon as authority for applying the Rules of Civil Procedure in criminal procedural matters, as well as in civil procedural matters. See Kersch v. State,56 Ark. App. 39, 938 S.W.2d 569 (1997). I have therefore made reference to the Rules of Civil Procedure.
Rule 81 of the Rules of Civil Procedure provides that in instances in which no procedure has been specifically prescribed, the court should proceed in a manner consistent with applicable statutes.See Rule 81, Ark. R. Civ. P.
Because no specific procedure has been described by the Inferior Court Rules for obtaining supersedeas of a criminal conviction entered by the municipal court, resort must be made to the applicable statute. The statute that is applicable to this issue in inferior courts is A.C.A. § 16-96-504, which states:
16-96-504. Bond.
 In all cases where a person has been convicted of a misdemeanor and shall appeal, there shall be no supersedeas of the judgment unless bond shall be given with approved security conditioned that the appellant shall appear in the court to which the appeal is taken and submit himself to the jurisdiction of the court and not depart therefrom without leave of the court.
A.C.A. § 16-96-504. This statute was not superseded by the adoption of the Inferior Court Rules.[1]
The Arkansas Supreme Court has specifically held that the bond that is required as a condition precedent to supersedeas under A.C.A. § 16-96-504 is wholly within the discretion of the municipal court judge. See Gober v. Daniels, 295 Ark. 199,748 S.W.2d 29 (1988). See also Municipal Court of Huntsville v.Casoli, 294 Ark. 37, 740 S.W.2d 614 (1987).
For this reason, the municipal court could, in its discretion under A.C.A. § 16-96-504, require a bond such as that which is described in Rule 9(d), but the court is not required by law to do so.
Question 2 — If so, is it permissible for a municipal court toimpose a supersedeas bond under the provisions of Rule 9(d) incases involving any and all types of criminal cases?
It is my opinion, for the reasons stated in response to Question 1, that it is permissible for a municipal court, under the authority of A.C.A. § 16-96-504 and Gober v. Daniels, 295 Ark. 199,748 S.W.2d 29 (1988), to require a bond such as that which is described in Rule 9(d) of the Inferior Court Rules in the appeal of any criminal conviction obtained in municipal court.
Question 3 — Is DWI a criminal offense or a traffic offense?
It is my opinion that the offense of driving while intoxicated (DWI) constitutes a criminal offense for purposes of determining the procedure for appeals from municipal court.
I must note initially that your question appears to be based upon the premise that an offense cannot be both a criminal offense and a traffic offense. It is my opinion that this is an incorrect premise. The Arkansas Supreme Court has addressed the classification of the offense of DWI for various purposes. For example, the court has considered DWI to constitute a traffic offense for purposes of determining whether it can occur on private property. See Hill v. State, 315 Ark. 297, 868 S.W.2d 44
(1993), discussed infra. The court has also considered the offense of DWI to constitute a traffic offense for purposes of determining whether the juvenile court had jurisdiction. In that instance, the court held that for purposes of determining jurisdiction, the offense constitutes a traffic offense. SeeState v. J.B., 309 Ark. 70, 827 S.W.2d 144 (1992). See alsoRobinson v. Sutterfield, 302 Ark. 7, 786 S.W.2d 572 (1990). However, the court has also considered the offense of DWI to constitute a criminal offense. See Hill v. State, 315 Ark. 297,868 S.W.2d 44 (1993).
The Arkansas Supreme Court's opinion in Hill, supra, discussed following, indicates that the legislature has historically considered the offense of DWI to constitute both a criminal offense and a traffic offense. In Hill, the court explained that the offense of DWI was originally included in a section of statutes regulating transportation (Title 27 of the Arkansas Code). In 1983, the legislature passed the Omnibus DWI Act (codified at A.C.A. §§ 5-65-102 through -208, which is part of the Criminal Code). The Omnibus DWI Act repealed the DWI provisions that had been included in Title 27, indicating an intent that DWI matters be dealt with comprehensively in the criminal code.
The Hill court noted that historically, the legislature had indicated an intent that DWI be considered a traffic offense for the limited purpose of determining whether DWI could be committed on private property, but that it had also historically considered (and continued to consider) DWI to constitute a criminal offense. The Hill court specifically rejected the appellant's claim that DWI did not constitute a criminal offense, stating:
 We have no doubt but the legislature has consistently intended that DWI constitutes a criminal offense. . . . Title 27 originally included and governed DWI offenses, but the DWI provisions under that Title were repealed with the enactment of our Omnibus DWI Act. Title 27 has not governed DWI offenses since 1983 and DWI provisions are no longer found within that Title.
Hill v. State, 315 Ark. 297, 300, 868 S.W.2d 44(1993).
On the basis of this unambiguous holding of the Arkansas Supreme Court, I must conclude that the offense of DWI, in addition to constituting a traffic offense for certain purposes, is also a criminal offense.
Question 4 — If Rule 9(d) is not applicable to criminal cases andif DWI is a traffic offense rather than a criminal offense, may asupersedeas bond be imposed in a DWI case?
It is my opinion, as explained in response to Question 3, that even though the offense of DWI can, for some limited purposes, constitute a traffic offense, it is also considered by the Arkansas Supreme Court to constitute a criminal offense. Therefore, for the reasons stated in response to Question 1, it is my opinion that although criminal appeals from municipal court are governed by A.C.A. § 16-96-504 rather than by Rule 9(d) of the Inferior Court Rules, the municipal court can, in its discretion under A.C.A. § 16-96-504, impose a supersedeas bond such as that which is described in Rule 9(d).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] When there is no direct conflict between a statute and the court's rules (and when the rules have not explicitly superseded a statute), the rules and the statute co-exist. See Hill v. State,318 Ark. 408, 889 S.W.2d 275 (1994).