IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 2000 Session

## BETTYE JOYCE HUFFER, ET AL. v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 96001505      W. R. Baker, Commissioner**

———————————————

**No. M1999-01278-COA-R3-CV - Filed August 16, 2000**

———————————————

The claimants sought to hold the State liable for the personal injuries and deaths caused in an automobile accident on U.S. Highway 64 in Franklin County. After first holding that the State's negligence was the cause of twenty-five percent of the damages, the Claims Commissioner modified his findings and concluded that the State had a discretionary function immunity and that the sole proximate cause of the accident was the negligence of the driver of the automobile in which the injured persons were riding. We affirm on the proximate cause issue.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, joined.

J. Stanley Rogers, Manchester, Tennessee, for the appellants, Bettye Joyce Huffer, Ronald C. Huffer, Larry E. Huffer and Doyle R. Huffer.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Michael W. Catalano, Associate Solicitor General, for the appellee, State of Tennessee.

**OPINION**

The Highway 64 connector in Franklin County is a four-lane divided highway with two traffic lanes going west and two lanes going east. The east-west lanes are separated by a forty-eight foot median. Traffic entering or crossing the highway from the north on Liberty Road is controlled by a stop sign at the northern edge of Highway 64. Once an automobile passes the stop sign and crosses the two westbound lanes, it then crosses the median and encounters a yield sign before entering or crossing the eastbound lanes.

On the day of the tragedy, Bettye Huffer was driving south on Liberty Road in her 1995 Oldsmobile Cutlass. She intended to cross Highway 64 and continue south on Liberty Road. Her

mother was in the front seat on the passenger's side and her sister occupied the right rear seat. Ms. Huffer stopped at the stop sign on the north side of the westbound lanes. She then crossed the first two traffic lanes and proceeded across the median toward the eastbound lanes. She failed to observe the yield sign and drove into the path of a Ford Bronco traveling east in the right-hand lane of Highway 64. Ms. Huffer suffered severe injuries and her mother and sister died as a result of the injuries they received in the accident.

Ms. Huffer filed a petition in the Claims Commission on her own behalf and joined her siblings as next of kin of her mother and sister. The petition alleges that the intersection where the accident happened was dangerous because it was defectively designed, constructed, and maintained by the State of Tennessee. The State denied the allegations of negligence and alleged that any recovery on Ms. Huffer's part was barred by her own negligence. In addition, the answer alleged that any recovery on the part of Ms. Huffer's passengers should be reduced by the combined negligence of Ms. Huffer and the driver of the other automobile.

The Commissioner ruled from the bench and held that the State could have done more than it did – and more than any standard or regulation required – to help prevent the accident. Therefore, he assessed the State's negligence at twenty-five percent and Ms. Huffer's at seventy-five percent. Before an order was entered, the next-of-kin of the deceased claimants moved the Commissioner to set the damages for their deaths. The State responded with a motion to reconsider or alter and amend the Commissioner's finding. The Commissioner filed a written order containing the following pertinent provisions:

> The Commission found that "the predominant and controlling factor in the disposition of this case" was the claimant's, Bettye Joyce Huffer's, failure to respond to the "yield" sign in the median, as well as her failure to react to the approach of Mr. Pope's vehicle, at the site of the collision. In making this finding, the Commission assessed the claimant's, Bettye Joyce Huffer's, negligence to be 75% and the State's negligence to be 25%, thereby barring recovery to the claimant. The Commission's finding that the State was 25% negligent was based on the premise that the State only did what was minimally required in the applicable regulations and manuals about signage and road markings in the median. This finding about the State's negligence was error.
>
> . . . .
>
> The State could have exceeded the minimum standards set out in the applicable manuals and guidelines. Nonetheless, the Commission must find that the installation of road markings and warning signs is a discretionary function for which the state is immune from liability. No liability can be assessed against the State for its performance or non-performance of a discretionary function. The Commission accordingly finds no liability or fault on the part of the State in this claim. See generally, Bowers v. Chattanooga, 826 S.W.2d 240 (Tenn. 1992) and Helton v. Knox

County, 922 S.W.2d 885 (Tenn. 1996). The sole proximate cause of this accident resulting in the injuries and deaths to the claimants was the actions of Bettye Huffer in failing to observe the "yield" sign or in failing to see the Pope vehicle and pulling into its pathway. Therefore all of the claimants in this claim are barred from recovery. This claim is hereby dismissed with judgement entered in favor of the State.

## II.

In our opinion, the critical part of the Commissioner's ruling is contained in the written order where the Commissioner found that the sole proximate cause of the accident was Ms. Huffer's failure to observe the yield sign and the approaching automobile, before attempting to cross the eastbound lanes of Highway 64. This finding is presumed to be correct unless the evidence preponderates against it. Rule 13(d), Tenn. R. Civ. P.

The claimants insist that the intersection was dangerous, Tenn. Code Ann. § 9-8-307(a)(1)(J), and the danger resulted from the State's negligence, Tenn. Code Ann. § 9-8-307(a)(1)(I). Specifically, the claimants cite the changes in elevation of the pavement a traveler encounters when driving across Highway 64 (they refer to this condition as a "roller coaster" effect), and they cite the need for additional warning devices at the intersection (flashing lights, a stop sign instead of a yield sign before the eastbound lanes, elephant tracks, and a stop bar in the median.)

The roller coaster effect was described by the plaintiffs' expert as a rise coming up Liberty Road of 2.2 feet to the edge of the traffic lanes on the north side of Highway 64. Then the traffic lanes slope downward 1.7 feet from side-to-side. The median is fairly flat, and then the eastbound lanes slope downward again 1.2 feet from side-to-side. The expert testified that the changes in elevation violated a driver's expectancy and distracted the driver's attention.

The Commissioner rejected the claimants' contention by finding that the road was constructed in accordance with all applicable standards with respect to grade. We agree, and in addition we think that one coming to a complete stop at the northern margin of the highway (as Ms. Huffer did) and then carefully crossing a four-lane highway would not attain the speed necessary to experience the roller coaster effect. The distance from the northern edge of the highway to the point where the median flattened out was only 24 feet. In that distance an automobile could not attain a very high rate of speed.

With respect to the requirement of additional warning devices, this argument appears to be based on an erroneous interpretation of the Manual of Uniform Traffic Control Devices. The claimants' expert testified that Section 2(A)-31 of the Manual required a stop sign instead of a yield sign where traffic entered the eastbound lanes of Highway 64. The Commissioner rejected that contention and found that Section 2(A)-31 applied where there was an issue about whether highway users might get confused and attempt to go the wrong way on a divided highway. Since there was no proof that wrong-way usage was a problem at this intersection, that section did not apply. Instead,

-3-

section 2B-8(3) provided that where the median of a divided highway was more than thirty feet wide, a stop sign could be used at the entrance of the first roadway and a yield sign at the entrance of the second roadway. The Commissioner specifically found that section 2B-8(3) applied under the circumstances here. The evidence does not preponderate against that finding.

The use of other warning devices was suggested by the claimants' expert. Perhaps it was this testimony that persuaded the Commissioner in his preliminary findings to conclude that the State could have done more to make the intersection safer. Doubtless that is true, but it is not the test of whether the State was negligent in the choices it did make.

The State did not have a duty to make the intersection absolutely safe. *See Toole v. Levitt*, 492 S.W.2d 230 (Tenn. Ct. App. 1972)(dealing with an owner's or occupier's duty). The only way to eliminate any chance of an accident at this intersection would be to eliminate the intersection. But when we look at the foreseeability of the potential harm against the burden on the State to make the intersection safer, *Rice v. Sabir*, 979 S.W.2d 305 (Tenn. 1998), we think the burdens far outweigh the marginal increase in safety. The use of a stop sign instead of a yield sign at the entrance of the second roadway would not involve much of a burden on the State, but it is unclear to us how a stop sign would have made the intersection safer for Ms. Huffer if she ignored it, as she did the yield sign. None of the devices suggested by her expert witness would have enhanced her ability to see and take heed of the approaching traffic on Highway 64.

We do not think the intersection was either dangerous or was negligently constructed, planned or maintained. The evidence does not preponderate against the Commissioner's finding that the sole proximate cause of the accident was Ms. Huffer's failure to observe the yield sign and her failure to see the approaching automobile on Highway 64.

**IV.**

Our decision on the negligence issue is dispositive of this appeal, rendering the immunity issue moot. Therefore we take no position on it. As to the ability of the Commissioner to change his ruling before it becomes final, see Rule 59.05, Tenn. R. Civ. P.

The judgment of the court below is affirmed and the cause remanded to the Claims Commission for any further proceedings necessary. Tax the costs on appeal to the appellants, Bettye Huffer, Ronald Huffer, Larry Huffer and Doyle Huffer.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.